UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM SYVERSON, et al., | Case No.: C 03-4529 RMW (PVT) |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE EXPERT REPORT** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| Defendant. | |

On October 10, 2008, Defendant filed a Motion to Strike Report of Plaintiffs' Expert, David Neumark, Ph.D.. Plaintiffs opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers[1] submitted,

IT IS HEREBY ORDERED that Defendant's motion is DENIED. Plaintiff's disclosure of David Neumark as an expert qualifies as disclosure of a rebuttal expert. Defendant's expert opined on subjects not covered by Plaintiff's first expert witness. It appears from the record that the opinions of Dr. Neumark are intended to "contradict or rebut evidence on the same subject matter" identified by Defendant's expert. *See* FED.R.CIV.PRO. 26(a)(2)(C)(ii). Thus, the only question is

---

[1] The parties also filed unauthorized post-reply letter briefs. Because neither party sought leave of court to file these unauthorized briefs, the court is not considering them. *See* Civil L.R. 7-3(d) (after a reply is filed "no additional memoranda, papers or letters may be filed without prior Court approval").

ORDER, *page 1*

whether the disclosure was a timely disclosure of a rebuttal expert.

Under Rule 26(a)(2)(C)(ii), absent a stipulation or order of the court, rebuttal experts must be identified within 30 days after the other party's disclosure. Defendant disclosed its expert on August 19, 2008. Absent a stipulation or order, the deadline for Plaintiff to disclose any rebuttal experts would have been September 18, 2008. However, there is a court order allowing disclosure of "Experts' Supplemental Reports" by September 25, 2008, the day Plaintiffs disclosed Dr. Neumark.

Rule 26 does not discuss "experts' supplemental reports." It does refer to parties' obligation to supplement their expert disclosures. Such supplementation is required by Rule 26(e)(2), and that rule sets the deadline for supplementation. Unlike the initial expert disclosure deadlines, for which the rules authorize the court to order deadlines other than those set by the rule, Rule 26(e)(2) does not authorize the court to set a different deadline. *See* FED.R.CIV.PRO. Rule 26(e)(2) ("Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due"). Because the court is not authorized to alter the date for supplementing expert disclosures, the deadline for disclosure of "Experts' Supplemental Reports" cannot refer to such supplementation. Thus, the only reasonable interpretation of the language in this court's prior order is that any disclosures of rebuttal experts were due by September 25, 2008.

This ruling is consistent with the purpose of the Federal Rules of Procedure to allow for a rational and well-balanced search for truth, and the public policy favoring resolution of disputes on the merits rather than technicalities. *See Hickman v. Taylor*, 329 U.S. 495, 500-01 (1947); *see also Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities").

IT IS FURTHER ORDERED that the parties shall promptly meet and confer regarding a date for the deposition of Dr. Neumark. If, by November 7, 2008, the parties are unable to agree to a date for the deposition, then each party shall file a declaration setting forth the scheduling needs of that party's counsel and, for Plaintiffs, the scheduling needs of Dr. Neumark.

Dated: *11/5/08*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*